No. 6067.

JOHN SEXTON VS. JOHN MCMAHON, TUTOR.

Beyond her revenues, plaintiff had no right to make advances in order to educate
the minor, his niece, and the tutorship is not liable on account thereof. Plain-
tiff, in a former suit, had judgment for $263 30, the amount of revenues during
the period he had the care and education of the child. He is not now entitled to
judgment for the balance of his claim, although the court reserved his right to
judicially claim it in subsequent proceedings. The reserving of the right to
claim the balance at a future time does not establish the correctness of the de-
mand when the claim is made, nor does it authorize judgment on a claim for
which the tutorship is not bound.

APPEAL from the Second District Court, parish of Orleans. _Tissot, J._
_Julien A. Seghers_, for plaintiff and appellant. _J. J. Finney_, for de-
fendant and appellee.

TALIAFERRO, J. The plaintiff brought suit in 1870 against the defend-
ant as tutor of a minor child for the sum of $799 16, alleged to have
been expended by him in furnishing the minor with necessary apparel,
board, lodging, tuition, and school-books during the period of three
years.   This claim was established, and in June, 1872, the plaintiff re-
covered "judgment for $263 30, with legal interest from judicial demand,
reserving to the plaintiff the right of claiming from the tutor the balance
of his claim, say $533 86, in due course of administration of the minor's
property." In February, 1875, the plaintiff filed a supplemental petition
praying judgment against the tutor for the above-named balance of
$533 86, with interest, etc.

The defendant answered denying any indebtedness to the plaintiff in
his individual capacity or in his representative capacity of tutor, and,
further, he alleged that plaintiff's claim had been determined and adju-
dicated upon by the proper court, and referred to the judgment of the
nineteenth of June, 1872, above referred to.   The judgment of the lower
court dismissed the demand set up in plaintiff's supplemental petition,
and the plaintiff appealed.

We think the judgment of the lower court correct.   The plaintiff hav-
ing already recovered judgment for the whole of his demand by the
judgment of the nineteenth of June, 1872, had no legal right to sue
again for an alleged balance due him.

Judgment affirmed.

ON REHEARING.

WYLY, J. Plaintiff, the uncle of Ellen McMahon, a minor child, in
1867 voluntarily undertook her support and education, the mother of
said child being dead and her father being her natural tutor.   Within

the period of three years thereafter he claims he expended for her board; tuition, books, clothing, etc., the sum of $799 16.    In June, 1870, he brought suit against the defendant, as tutor, to recover said sum, which he alleges inured to the benefit of said minor.    At the trial it was shown that the revenues of said minor, during said period of three years, only amounted to $263 30, for which the court gave judgment, reserving to plaintiff the right subsequently to sue for the balance of his claim.    In February, 1875, plaintiff filed a supplemental petition demanding the balance of his claim, to wit: $533 86.    This demand after a hearing was rejected, and plaintiff has appealed.

"The expenses for the support and education of the minor ought to be so regulated that nothing decent or necessary shall be wanting to him, according to his condition and his fortune.    They ought never to exceed his revenues.    But if the revenues are not sufficient to procure him an education, the tutor may cause a family meeting to be assembled in order to deliberate whether it be for the advantage of the minor that some thing should be taken from his capital in order to insure him the advantages of a liberal education."    Revised Code, art. 350.

It is shown that the fortune of this minor consisted of a small piece of immovable property, the revenues of which, after paying taxes and insurance, amounted to ninety dollars per annum.    The fortune of the minor was such as not to authorize expenditures sufficient for a liberal education without the advice and consent of a family meeting.    If defendant, the natural tutor, could not incumber the tutorship with a debt beyond the revenues of the minor, for a greater reason plaintiff, who had voluntarily undertaken the support and education of his niece, could not do so.    Beyond her revenues, plaintiff had no right to make advances in order to educate the child, and the tutorship is not liable on account thereof.    Plaintiff had judgment for $263 30, the amount of revenues during the period he had the care and education of the child.    He is not now entitled to judgment for the balance of his claim, although the court reserved his right to judicially claim it.    The reserving of the right to claim the balance at a subsequent time does not establish the correctness of the demand when the claim is made, nor does it authorize judgment on a claim for which the tutorship is not bound.    Plaintiff, however, contends that he is entitled to have discussed the revenues that have accrued since the case was first tried, and if any have accrued, he is entitled to judgment against the tutorship for the amount thereof not exceeding the balance of his claim.    The difficulty is, there is no foundation for plaintiff's present claim.    When he first sued, his rights against the tutorship, whatever they were, were fixed; the obligation existed in its entirety.    He had no claim for advances in behalf of the minor beyond the amount of the revenues of the property.    The tutor

could create no debt beyond it without the advice of a family meeting, for this would incumber the estate. We think the court below did not err in rejecting the demand of plaintiff.

It is therefore ordered that our former judgment herein remain undisturbed.